# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

JONATHAN ANDREW DUNN,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. C 14-4101-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION**

_____

# TABLE OF CONTENTS

*I.*    *INTRODUCTION* ............................................................................ *2*

*II.*   *LEGAL ANALYSIS* ......................................................................... *2*
    *A.*    *Standard Of Review* ................................................................ *2*
    *B.*    *Review Of Dunn's Objections* ..................................................... *4*
        *1.*    *Discounting of opinions of healthcare professionals* ................. *4*
        *2.*    *The RFC determination and the resulting question to the VE* ..... *8*
        *3.*    *The rejection of Dunn's subjective complaints of disabling impairments* ................................................... *9*
    *C.*    *Clear Error Review* ............................................................... *11*

*III.*   *CONCLUSION* .............................................................................. *11*

## I. INTRODUCTION

This is an action for judicial review by plaintiff Jonathan Andrew Dunn of a final decision of the Commissioner of Social Security (the Commissioner) denying Dunn's application for Supplemental Security Income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. In a Report And Recommendation (docket no. 21), filed August 27, 2015, Chief United States Magistrate Judge Jon S. Scoles recommended that I affirm the Commissioner's determination that Dunn was not disabled during the relevant period and dismiss Dunn's Complaint with prejudice.

On September 10, 2015, Dunn filed his Objections To Report And Recommendation (Objections) (docket no. 22). Dunn objects to three conclusions in Judge Scoles's Report And Recommendation: (1) Judge Scoles's conclusion that the administrative law judge (ALJ) did not erroneously discount the opinions of a treating physician and a consulting psychologist; (2) Judge Scoles's conclusion that the ALJ did not fail to incorporate Dunn's limitations in his RFC determination and his resulting hypothetical question to a vocational expert (VE); and (3) Judge Scoles's conclusion that the ALJ did not erroneously discount Dunn's credibility.

Thus, I must review Judge Scoles's Report And Recommendation in light of Dunn's Objections.

## II. LEGAL ANALYSIS
### A. *Standard Of Review*

Where, as here, a party has filed objections to a magistrate judge's report and recommendation, the applicable statute provides for de novo review by the district judge, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

If a party files an objection to a magistrate judge's report and recommendation, the district court must "make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*." 28 U.S.C. § 636(b)(1) (emphasis added). In most cases, at least where the objecting party is represented by counsel, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990); *but see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (suggesting that "general" objections by a pro se party may be sufficient to trigger de novo review). When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Scoles did not hold an evidentiary hearing in this case, however, nor did he consider oral arguments. Instead, he considered only the parties' written submissions, and I have done the same.

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that

§ 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Thus, "clearly erroneous" review applies to the portions of Judge Scoles's Report And Recommendation to which no objections were made.

I will review Judge Scoles's Report And Recommendations with these standards in mind.

### B. Review Of Dunn's Objections

As noted, above, Dunn makes three objections to Judge Scoles's Report And Recommendation. I will consider these objections in turn.

#### 1. *Discounting of opinions of healthcare professionals*

Dunn's first objection is to Judge Scoles's conclusion that the ALJ did not erroneously discount the opinions of a treating psychiatrist, Dr. Brinck, and a consulting psychologist, Dr. Baker. Dunn argues that Dr. Brinck, who had treated him for about ten years, had repeatedly concluded that his mental health limitations—consisting of anxiety disorder, ADHD, bipolar disorder, and uncontrolled adult stuttering—prevented

4

him from being gainfully employed.  Dunn contends that, contrary to the ALJ's determination, Dr. Brinck provided sufficient objective evidence, including the course of his "aggressive" treatment of Dunn's conditions with medications over a lengthy period, to require the ALJ to give substantial weight to his opinions.  Similarly, Dunn argues that the ALJ improperly discounted the opinions of Dr. Baker, who had evaluated Dunn at the request of Disability Determination Services (DDS).  Dunn argues that Dr. Baker's implicit conclusion that Dunn cannot work and his explicit findings of significant limitations and a GAF score of 40 buttress Dr. Brinck's opinions.  Indeed, Dunn argues that the ALJ gave insufficient weight to his GAF score from Dr. Baker.

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Scoles that the ALJ properly discounted the weight to be given to the opinions of Dr. Brinck.  As the Eighth Circuit Court of Appeals has explained, treating physicians, like Dr. Brinck, "'are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'"  *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015) (quoting 20 C.F.R. § 404.1527(c)(2)).  "Generally, '[a] treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'"  *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (quoting *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007)).  "'Even if the [treating physician's] opinion is not entitled to controlling weight, it should not ordinarily be disregarded and is entitled to substantial weight.'"  *Papesh*, 786 F.3d at 1132 (quoting *Samons v. Astrue*, 497 F.3d 813, 818 (8th Cir. 2007)).  On the other hand, "'A treating physician's own inconsistency may [ ] undermine his opinion and diminish or eliminate the weight given his opinions.'"  *Milam*, 794 F.3d at 983 (quoting *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006)).

A treating physician's opinion may also be discounted or disregarded, "'if it provides conclusory statements only.'" *Papesh*, 786 F.3d at 1132 (quoting *Samons*, 497 F.3d at 818); *Toland v. Colvin*, 761 F.3d 931, 937 ("We have stated that '[a] treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements.'" (quoting *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)). Ultimately, the ALJ must give "good reasons" for the weight given to a treating physician's opinion. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citing *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014)).

Here, the ALJ, first, reviewed the record evidence that he concluded was "consistent" with Dunn being able to perform simple, repetitive work. Administrative Record at 18-19. The ALJ then explained the reasons for giving Dr. Brinck's contrary opinion little weight, as follows:

> I further considered the 2011, 2012, and January 2013 assessments of treating source Dr. Brinck who asserted that the claimant was disabled (Exhibit 8F; Exhibit 16F; Exhibit 22F). Ordinarily, the opinion of a treating source is entitled to special weight. However, I give these assessments little weight, as the record is not consistent with finding the claimant disabled. Moreover, the Regulations state that a medical opinion should be "complete and detailed enough for us to make a determination or decision about whether you are disabled or blind" (20 CFR 416.913(e)). For example, a complete opinion would address the nature and severity of impairments, whether the impairments met the durational requirement, and the claimant's residual functional capacity (*Id.*). Further, Dr. Brinck offered no objective evidence in support of his assessments. Dr. Brinck's evaluations do not rise to the level of a medical opinion.

Administrative Record at 19.

Dunn really points to nothing but Dr. Brinck's "longitudinal" experience with Dunn as a justification for giving his opinion more weight than the ALJ did. *See Papesh*,

6

786 F.3d at 1132 (recognizing, *inter alia*, that a treating physician is likely to be "most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)"). Although Dr. Brinck purportedly made regular "objective" observations of Dunn's dress, demeanor, and behavior, he did not explain in what way those "objective" observations supported his conclusion that Dunn was unable to work. Also, Dr. Brinck made no attempt in his records to explain the nature and severity of Dunn's impairments, in light of his "objective" observations, nor did he make any specific assessment of Dunn's residual functional capacity. Thus, Dr. Brinck's opinions are little better than "'conclusory statements'" about Dunn's ability to work. *See Papesh*, 786 F.3d at 1132 (observing that, if a treating source makes "conclusory statements only," that is a basis to discount the treating source's opinions (quoting *Samons*, 497 F.3d at 818)). Furthermore, the ALJ identified record evidence that was "consistent" with the limitations that the ALJ found, before the ALJ observed that Dr. Brinck's assessment of Dunn's ability to work was "inconsistent" with this record evidence. *See Milam*, 794 F.3d at 983 (observing that a treating source's opinion should be given controlling weight, unless "'it is not inconsistent with the other substantial evidence'" (quoting *House*, 500 F.3d at 744)). Thus, I agree with Judge Scoles that the ALJ ultimately gave "good reasons" for discounting Dr. Brinck's opinions. *See Andrews*, 791 F.3d at 928 (requiring the ALJ to state "good reasons" for discounting a treating source's opinions).

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I also agree with Judge Scoles that the ALJ gave appropriate weight to the opinions of Dr. Baker, a consulting expert. In the first instance, a consulting physician's or a consulting expert's opinion is not entitled to any special weight. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2014). One of the factors relevant to the determination of the weight to be given to a consulting expert's opinions is "the extent to which the opinion is consistent with the record as a whole." 20 C.F.R. §§ 404.1527(d), 416.927(d); *Owen v. Astrue*, 551 F.3d 792, 800 (8th Cir. 2008) (citing these regulations). The ALJ

7

observed that he considered Dr. Baker's opinions on Dunn's mental limitations and gave "some weight" to his opinion, "as it is somewhat consistent with the consultant's assessment and the record as a whole, although it provides little specifics on the claimant's mental functional abilities." Administrative Record at 19. The ALJ also concluded that Dr. Baker's examination results "support the above mental restrictions" that the ALJ had found consistent with the record. *Id.* I find that the ALJ gave "good reasons" for the weight that he gave to Dr. Baker's opinions, as a consulting expert. *Cf. Andrews*, 791 F.3d at 928 (requiring the ALJ to state "good reasons" for discounting a treating source's opinions).

Dunn also argues that the ALJ did not completely address the significance of his low GAF scores, such as the 40 that Dr. Baker had scored him. However, an ALJ may permissibly "afford[ ] greater weight to medical evidence and testimony than to GAF scores." *Jones v. Astrue*, 619 F.3d 963, 974 (8th Cir. 2010). Indeed, "GAF scores have no direct correlation to the severity standard used by the Commissioner." *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015) (citing 65 Fed. Reg. 50746, 40764-65). Thus, Dunn's low GAF scores do not require reversal of the ALJ's determination.

Dunn's first objection to Judge Scoles's Report And Recommendation is overruled.

### 2. *The RFC determination and the resulting question to the VE*

Dunn's second objection is to Judge Scoles's conclusion that the ALJ did not fail to incorporate Dunn's limitations in his RFC determination and his resulting hypothetical question to a VE. Specifically, Dunn argues that the ALJ failed to incorporate into either his RFC determination or his hypothetical question to the VE the limitations established in the record as to Dunn's concentration, persistence, and pace, for example, as set out in Dr. Baker's report. Administrative Record at 644 ("[Dunn's] maintenance of attention, concentration and pace, however, for carrying out instructions would be quite poor.").

8

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Scoles that the ALJ properly considered the medical evidence and records in formulating Dunn's RFC, as well as in formulating the question to the VE, and that substantial evidence supports the ALJ's formulations. As Judge Scoles explained in his Report And Recommendation, "The ALJ is required to include [in the claimant's RFC and hypothetical question] only those impairments which are substantially supported by the record as a whole." Report And Recommendation at 26 (citing *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001), and *Haggard v. Apfel*, 201 F.3d 591, 595 (8th Cir. 1999)). Judge Scoles then reviewed the medical evidence and Dunn's testimony upon which the ALJ based his RFC determination and agreed that the ALJ's conclusions were supported by substantial evidence in the record. *Id.* As noted, above, the ALJ reviewed the record evidence that he concluded was "consistent" with Dunn being able to perform simple, repetitive work, then explained why greater limitations were not consistent with the record evidence. Administrative Record at 18-21. There was no error in the ALJ's formulation of Dunn's RFC or of the hypoetheical question to the VE warranting a reversal or remand.

Thus, Dunn's second objection to the Report And Recommendation is overruled.

### *3. The rejection of Dunn's subjective complaints of disabling impairments*

Dunn's last objection to the Report And Recommendation is to Judge Scoles's conclusion that the ALJ did not erroneously discount Dunn's credibility. Specifically, Dunn argues that the ALJ improperly discounted his credibility on the basis of medical records indicating that his conditions were "improving," but Dunn contends that the record shows that his conditions clearly were not "improving." He argues that the most that can be said is that his mental health symptoms waxed and waned, but his disqualification for disability benefits should not be based on a "snapshot" of a

9

momentarily improved condition. He also argues that the ALJ overstated his household activities to justify discrediting his testimony.

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Scoles's conclusion that the ALJ did not erroneously discount the credibility of Dunn's subjective complaints. The Eighth Circuit Court of Appeals recently summarized the standards for discounting a claimant's subjective complaints of impairments, as follows:

> "Where objective evidence does not fully support the degree of severity in a claimant's subjective complaints of pain, the ALJ must consider all evidence relevant to those complaints." *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir.2001) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984)). This includes evidence pertaining to "the claimant's daily activities"; "the duration, frequency and intensity of the pain"; "precipitating and aggravating factors"; "dosage, effectiveness and side effects of medication"; and "functional restrictions." *Polaski*, 739 F.2d at 1322. Of course, "[t]he ALJ need not explicitly discuss each *Polaski* factor. It is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004) (internal citations omitted). "The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole. If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment even if every factor is not discussed in depth." *Perkins [v. Astrue]*, 648 F.3d [892,] 900 [(8th Cir.2011)] (quotations and citations omitted).

*Milam v. Colvin*, 794 F.3d 976, 984 (8th Cir. 2015).

As Judge Scoles pointed out, the ALJ found that Dunn's medically determinable impairments could reasonably be expected to cause the subjective symptoms that Dunn described, but also concluded that Dunn's statements about the intensity, persistence, and

limiting effects of those symptoms were not credible to the extent that they were inconsistent with the ALJ's determination of Dunn's RFC. *See* Report And Recommendation at 23 (quoting Administrative Record at 20). The ALJ then expressly explained why he found Dunn's subjective complaints inconsistent with the record. *See Milam*, 794 F.3d at 984. The ALJ's recitation of his reasons for discounting Dunn's subjective complaints in light of the record included citations to record evidence from consultative examiners about Dunn's RFC, the records concerning his medications and hospitalizations, and the records of his daily activities as they provided insight into the degree of his impairments and his ability to work. Administrative Record at 20-12. Consequently, I conclude that the ALJ considered all relevant evidence and gave good reasons for discrediting Dunn's subjective complaints. *Milam*, 794 F.3d at 984. In these circumstances, it is appropriate for me to defer to the ALJ's judgment. *Id*.

Dunn's last objection to the Report And Recommendation is overruled.

### C. *Clear Error Review*

As mentioned, above, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520. I have considered the remainder of Judge Scoles's Report And Recommendation, to which no objections were made, and I find no "clear error" in those portions.

### III. CONCLUSION

Upon the foregoing,

1. Dunn's September 10, 2015, Objections To Report And Recommendation (Objections) (docket no. 22) are **overruled**;

11

2. **I accept** Chief United States Magistrate Judge Jon S. Scoles's August 27, 2015, Report And Recommendation (docket no. 21), **with only one modification**, *see* 28 U.S.C. § 636(b)(1) (2006), which is that I conclude that entry of judgment in favor of the Commissioner, rather than dismissal of Dunn's Complaint with prejudice, is appropriate.

3. Pursuant to Judge Scoles's recommendations and my review,

    a. The Commissioner's determination that Dunn was not disabled is **affirmed**; and

    b. Judgment shall enter against Dunn and in favor of the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 18th day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA